NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ASHER JAMES BECKER, Plaintiff-Appellant, v. BRENT CARNEY, WA DOC State Dietician; et al., Defendants-Appellees. | No. 18-35373 D.C. No. 3:16-cv-05315-RBL MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted March 12, 2019[**]

Before:     LEAVY, BEA, and N.R. SMITH, Circuit Judges.

Washington state prisoner Asher James Becker appeals pro se from the

district court's summary judgment in his action brought under 42 U.S.C. § 1983

and the Religious Land Use and Institutionalized Persons Act ("RLUIPA")

alleging that defendants interfered with the practice of his religion, were

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

deliberately indifferent to his serious medical needs, and retaliated against him for filing grievances. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Jones v. Williams*, 791 F.3d 1023, 1030 (9th Cir. 2015). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Becker's RLUIPA claims because Becker failed to raise a genuine dispute of material fact as to whether defendants' actions substantially burdened a religious exercise. *See Walker v. Beard*, 789 F.3d 1125, 1134-37 (9th Cir. 2015) (to state a RLUIPA claim, a prisoner must show that he takes part in a religious exercise and the state has substantially burdened that exercise); *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004) (defining substantial burden for purposes of RLUIPA).

The district court properly granted summary judgment on Becker's free exercise claims because Becker failed to raise a genuine dispute of material fact as to whether defendants' actions substantially burdened the practice of his religion or whether the regulations were not reasonably related to a legitimate penological interest. *See Jones*, 791 F.3d at 1031-32 (defining substantial burden for purposes of the Free Exercise Clause); *see also Turner v. Safley*, 482 U.S. 78, 89-90 (1987)

2                                                                                       18-35373

(factors for determining whether a prison regulation is reasonably related to a legitimate penological interest).

The district court properly granted summary judgment on Becker's deliberate indifference claim because Becker failed to raise a genuine dispute of material fact as to whether defendants were aware of and disregarded an excessive risk to Becker's health or safety. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (elements of a deliberate indifference claim).

The district court properly granted summary judgment on Becker's equal protection claim because Becker failed to raise a genuine dispute of material fact as to whether defendants discriminated against him due to his religion. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) (requirements for an equal protection claim).

The district court properly granted summary judgment on Becker's retaliation claim against defendant Roberts because Hunt failed to raise a genuine dispute of material fact as to whether Roberts took any adverse action against him because of his protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context).

The district court granted summary judgment on Becker's retaliation claim

18-35373

against defendant Williamson on the basis that Washington's Dead Man's Act would preclude Becker from testifying about this claim at trial in light of Williamson's intervening death. However, in the sworn declaration of Peter McDaniels, McDaniels corroborated Becker's allegations that Williamson retaliated against Becker for filing a grievance. Because the McDaniels' declaration raises a genuine dispute of material fact as to whether Williamson retaliated against Becker, we reverse the judgment as to this claim only and remand for further proceedings.

Because we reverse the summary judgment on one of Becker's federal claims, we also remand for the district court to reconsider whether it will exercise supplemental jurisdiction over Becker's state law claims.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**